## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM COLLIER, Individually and for Others Similarly Situated, <br><br> v. <br><br> CORPORATE EMPLOYMENT RESOURCES, INC. d/b/a BARTECH | Case No. _____ <br><br> Jury Trial Demanded <br><br> Rule 23 Class Action |

## ORIGINAL CLASS ACTION COMPLAINT

### SUMMARY

1.      William Collier (Collier) brings this class action lawsuit to recover unpaid overtime wages and other damages under the Connecticut Wage and Hour Laws (CWHL), the Massachusetts Wage & Hour Law (MWHL), the New Jersey Wage and Hour Law (NJWHL), and the New York Labor Law (NYLL) against Corporate Employment Resources d/b/a Bartech (Bartech).

2.      Collier worked for Bartech as a Construction Manager in Connecticut, Massachusetts, New Jersey, and New York.

3.      Collier and the Putative Class Members (as defined below) regularly worked for Bartech in excess of 40 hours each week.

4.      But these workers never received overtime at a rate not less than 1.5 times their regular rates of pay for the hours they worked in excess of 40 hours in a single workweek.

5.      Instead of paying overtime, Bartech uniformly misclassified Collier and the Putative Class Members as exempt employees and paid them the same hourly rate for all hours worked, including those in excess of 40 in a workweek (or "straight time for overtime").

6.      Bartech's straight time for overtime pay scheme violates the overtime requirements of the CWHL, MWHL, NJWHL, and NYLL because it deprived Collier and the Putative Class Members of overtime at a rate not less than 1.5 times their regular rates of pay for all hours worked in excess of 40 hours in a workweek.

7.      Collier brings this class action to recover unpaid overtime wages and other damages owed under to him and the Putative Class Members.

## JURISDICTION & VENUE

8.      This Court has original subject matter jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d).

9.      Specifically, upon information and belief:

    a.      the matter in controversy is believed to exceed $5,000,000;

    b.      at least one member of one of Collier's proposed classes and Bartech are citizens of different states – indeed, Collier and Bartech are citizens of different states; and

    c.      Collier's proposed classes are believed to exceed 100 members.

10.     This Court has general personal jurisdiction over Bartech with respect to this action because Bartech maintains its headquarters in Southfield, Michigan, which is in this District and Division, and Bartech conducts substantial business in this District and Division.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Bartech maintains its headquarters in Southfield, Michigan, which is in this District and Division.

### THE PARTIES

12.     Collier resides in Essex County, New York.

13.     Collier worked for Bartech as a Construction Manager from approximately April 2019 until May 2022 in Connecticut, Massachusetts, New Jersey, and New York.

14.     Throughout his employment, Bartech paid Collier the same hourly rate for all hours worked, including those hours in excess of 40 hours in a single workweek (or "straight time for overtime").

15.     Collier brings this action on behalf of himself and other similarly situated workers in Connecticut, Massachusetts, New Jersey, and New York who Bartech paid under its "straight time for overtime" pay scheme.

16.     Bartech misclassified each of these workers as exempt and paid them the straight time for overtime in violation of the CWHL, MWHL, NJWHL, and NYLL.

17.     Collier seeks class certification of his claims under the CWHL pursuant to FED. R. CIV. P. 23. The class of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All current and former Bartech employees who were paid straight time for overtime while working in Connecticut at any time during the past 2 years from the filing of this Complaint to the present ("Connecticut Class Members" or the "Connecticut Class").**

18.     Collier seeks class certification of his claims under the MWHL pursuant to FED. R. CIV. P. 23. The class of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All current and former Bartech employees who were paid straight time for overtime while working in Massachusetts at any time during the past 3 years from the filing of this Complaint to the present ("Massachusetts Class Members" or the "Massachusetts Class").**

19.     Collier seeks class certification of his claims under the NJWHL pursuant to FED. R. CIV. P. 23. The class of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All current and former Bartech employees who were paid straight time for overtime while working in New Jersey at any time during the past 6 years from the filing of this Complaint to the present ("New Jersey Class Members" or the "New Jersey Class").**

20.     Collier seeks class certification of his claims under the NYLL pursuant to FED. R. CIV. P. 23. The class of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All current and former Bartech employees who were paid straight**

time for overtime while working in New York at any time during the past in the past 6 years and 228 days[1] from the filing of this Complaint to the present ("New York Class Members" or the "New York Class").

21.    The Connecticut Class Members, Massachusetts Class Members, New Jersey Class Members, and New York Class Members are collectively referred to as the "Putative Class Members."

22.    Bartech is a Delaware corporation that maintains its United States headquarters in Southfield, Michigan.

23.    Bartech may be served with process by serving its registered agent: **CSC-Lawyers Incorporating Service, 2900 West Road, Suite 500, East Lansing, Michigan 48823**.

## FACTS

24.    Bartech bills itself as "an innovator and the premier staffing firm in [the] industry" that provides staffing solutions to companies across the United States, including in Connecticut, Massachusetts, New Jersey, and New York.[2]

---

[1] The statute of limitations was tolled 228 days due to Governor Cuomo's Executive Order 202.8 (2020) and subsequent orders Executive Orders 202.14, 202.28, 202.38, 202.48, 202.55.1, 202.60, and 202.67. In total, the Executive Orders were effective and implemented tolling for 228 days, from March 20th to November 3, 2020. *See McLaughlin v. Snowlift Inc.*, 71 Misc. 3d 1226(A) (Sup. Ct., Kings County 2021) (calculating that, together, the Executive Orders lasted 228 days).

[2] https://www.bartechstaffing.com/ (last visited February 24, 2023).

25.     To provide the services it markets to its clients, Bartech hires employees, including Collier and the Putative Class Members, pays them on an hourly basis with no overtime compensation.

26.     Bartech uniformly pays these employees, including Collier and the Putative Class Members, the same hourly rate for all hours worked, including those in excess of 40 hours in a workweek (or "straight time for overtime").

27.     These workers make up the proposed Connecticut, Massachusetts, New Jersey, and New York Classes.

28.     While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

29.     For example, Collier worked for Bartech as a Construction Manager from approximately April 2019 until May 2022 in Connecticut, Massachusetts, New Jersey, and New York.

30.     Throughout his employment, Bartech paid him the same hourly rate ($75/hour) for all hours worked, including those in excess of 40 hours in a workweek:

| EARNINGS/REIMBURSEMENTS | | | | | | |
|---|---|---|---|---|---|---|
| CLIENT SITE | DESCRIPTION | PAY CODE | TAXABLE | RATE | HRS/ UNITS | CURRENT |
| NEXTERA ENERGY, INC. (MSP/Bartech) | Construction Manager E&C | RG | Y | 75.00 | 40.00 | 3000.00 |
| NEXTERA ENERGY, INC. (MSP/Bartech) | Construction Manager E&C | OT | Y | 75.00 | 29.00 | 2175.00 |
| TOTAL CURRENT GROSS: | | | | | | 5175.00 |

31.     Bartech uniformly paid Collier and the Putative Class Members under its straight time for overtime pay scheme that deprives these employees of overtime at the proper premium rate when they work in excess of 40 hours in a single workweek in violation of the CWHL, MWHL, NJWHL, and NYLL.

32.     Collier and the Putative Class Members are hourly employees of Bartech.

33.     Collier and the Putative Class Members are not paid a guaranteed salary.

34.     Collier and the Putative Class Members report the hours they work to Bartech on a regular basis.

35.     If Collier and the Putative Class Members work under 40 hours, Bartech only pays them for the hours they worked.

36.     But Collier and the Putative Class Members would regularly work more than 40 hours in a week.

37.     In fact, Collier and the Putative Class Members routinely work 60 hours a week.

38.     Collier and the Putative Class Members worked in accordance with the schedule set by Bartech and/or the clients it assigns them to work for.

39.     The hours Collier and the Putative Class Members worked are reflected in Bartech's records.

40.     Despite Collier and the Putative Class Members regularly working significant overtime, Bartech paid them the same hourly rate for all hours worked, including those hours in excess of 40 hours in a single workweek.

41.     Bartech did not pay Collier and the Putative Class Members overtime for all hours worked in excess of 40 hours in a single workweek.

42.     Rather than receiving time and half as required by the CWHL, MWHL, NJWHL, and NYLL, Collier and the Putative Class Members only received "straight time" pay for the overtime hours they worked.

43.     Bartech did not pay Collier and the Putative Class Members on a salary basis.

44.     Collier and the Putative Class Members perform job duties in furtherance of the renewable energy, engineering, information technology, and manufacturing sectors and are subjected to similar compensation practices.

45.     Collier and the Putative Class Members worked similar hours and were denied overtime because of the same illegal pay practice.

46.     Collier and the Putative Class Members regularly worked in excess of 40 hours each week.

47.     Bartech's "straight time for overtime" payment scheme violates the CWHL, MWHL, NJWHL, and NYLL because it deprives Collier and the Putative Class Members of overtime pay at rates not less than 1.5 times their regular rates of pay for hours worked in excess of 40 hours in a week.

48.     Bartech is aware, or should have been aware, that the CWHL, MWHL, NJWHL, and NYLL required it to pay Collier and the Putative Class Members overtime premiums for all hours worked in excess of 40 hours per workweek.

49.     Bartech knew Collier and the Putative Class Members regularly worked more than 40 hours a week.

50.     Bartech knew, or showed reckless disregard for whether, the Putative Class Members were entitled to overtime under the CWHL, MWHL, NJWHL, and NYLL.

51.     In fact, Bartech (and its affiliated Impellam Group entities) have been sued before for paying employees straight time for overtime in violation of federal and state wage and hour laws. *See Ward v. Guidant Global, Inc., et al.*, No. 22-CV-01002 (W.D. Pa.); *Smith v. Guidant Global, Inc.*, No. 19-CV-12318 (E.D. Mich.).

52.     Nonetheless, Bartech did not pay Collier or the Putative Class Members overtime as required by the CWHL, MWHL, NJWHL, and NYLL.

53.     Bartech knew, or showed reckless disregard for whether, the conduct described in this Complaint violated the CWHL, MWHL, NJWHL, and NYLL.

54.     Bartech's failure to pay Collier and the Putative Class Members overtime compensation at the proper premium rates was neither reasonable, nor was Bartech's decision not to pay these employees overtime at the proper premium rates made in good faith.

## CLASS ACTION ALLEGATIONS

55.     Collier incorporates all other paragraphs by reference.

56.     Collier brings his claims under the CWHL, MWHL, NJWHL, and NYLL as class actions on behalf of himself and the Putative Class Members pursuant to FED. R. CIV. P 23.

57. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the CWHL, MWHL, NJWHL, and NYLL.

58. Numerous other individuals, like Collier, indicated they were paid in the same manner and were not properly compensated for all hours worked as required by the CWHL, MWHL, NJWHL, and NYLL.

59. Based on his experiences and tenure with Bartech, Collier is aware that Bartech's illegal practices were likewise imposed on the Putative Class Members.

60. The Putative Class Members were all paid straight time for overtime and not afforded the overtime compensation when they worked in excess of 40 hours per week.

61. Bartech's failure to pay wages and overtime compensation at the rates required by the CWHL, MWHL, NJWHL, and NYLL results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

62. The specific job titles or precise job locations of the Putative Class Members do not prevent class treatment.

63. Collier has no interest contrary to, or in conflict with, the Putative Class Members.

64. Like each Putative Class Member, Collier has an interest in obtaining the unpaid overtime wages owed to them under state law.

65.     A class action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

66.     Absent this class action, many Putative Class Members likely will not obtain redress of their injuries, and Bartech will reap the unjust benefits of violating the CWHL, MWHL, NJWHL, and NYLL.

67.     Furthermore, even if some of the Putative Class Members could afford individual litigation against Bartech, it would be unduly burdensome to the judicial system.

68.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

69.     The questions of law and fact that are common to each member of the Connecticut, Massachusetts, New Jersey, and New York Classes predominate over any questions affecting solely the individual members.

70.     Among the common questions of law and fact are:

a.  Whether Bartech uniformly and systemically paid Collier and the Putative Class Members straight time for overtime;

b.  Whether Bartech's violations of the CWHL, MWHL, NJWHL, and NYLL resulted from a continuing course of conduct;

c.  Whether Collier and the Putative Class Members were exempt from overtime;

- 11 -

d.  Whether Bartech's decision to pay Collier and the Putative Class Members straight time for overtime was made in good faith; and

e.  Whether Bartech's violations of the CWHL, MWHL, NJWHL, and NYLL were willful.

71.    Collier and the Putative Class Members sustained damages arising out of Bartech's illegal and uniform pay policy.

72.    Collier knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class action.

73.    Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Bartech's records, and there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class treatment.

74.    Bartech is liable under the CWHL, MWHL, NJWHL, and NYLL for failing to pay overtime to Collier and the Putative Class Members at the proper premium rates.

75.    Consistent with Bartech's illegal pay policy, Collier and the Putative Class Members were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

76.    As part of their regular business practices, Bartech intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the CWHL, MWHL, NJWHL, and NYLL with respect to Collier and the Putative Class Members.

77.     Bartech's illegal pay policy deprived Collier and the Putative Class Members of the premium overtime wages they are owed under state law.

78.     Bartech is aware, or should have been aware, that the CWHL, MWHL, NJWHL, and NYLL required it to pay Collier and the Putative Class Members overtime premiums for all hours worked in excess of 40 hours per workweek.

79.     There are many similarly situated Putative Class Members who have been denied overtime pay in violation of the CWHL, MWHL, NJWHL, and NYLL who would benefit from this class action.

80.     Those similarly situated workers are known to Bartech, are readily identifiable, and can be located through Bartech's business and personnel records.

## FIRST CAUSE OF ACTION – FAILURE TO PAY OVERTIME UNDER THE CWHL
### (CONNECTICUT CLASS ONLY)

81.     Collier incorporates all other paragraphs by reference.

82.     Collier brings his claims under the CWHL as a class action on behalf of himself and the Connecticut Class Members pursuant to FED. R. CIV. P 23.

83.     By failing to pay Collier and the Connecticut Class Members overtime at rates not less than 1.5 times their regular rates of pay, Bartech violated the CWHL's overtime provisions.  CONN. GEN. STAT. § 31-58, *et seq*.

84.     At all relevant times, Bartech was subject to the requirements of the CWHL.

85.     At all relevant times, Bartech employed Collier and each Connecticut Class Member as an "employee" within the meaning of the CWHL.

86.     The CWHL requires employers, like Bartech, to pay employees overtime compensation of at least 1.5 the employee's regular rate of pay for all hours worked over 40 in one workweek. *See* CONN. GEN. STAT. § 31-76c.

87.     As employees of Bartech, Collier and the Connecticut Class Members worked in excess of the maximum weekly hours permitted under CONN. GEN. STAT. § 31-76c, *et seq.*, but were not paid overtime wages.

88.     Collier and the Connecticut Class Members are entitled to overtime pay under the CWHL.

89.     Bartech's violation of the CWHL was not a first-time violation resulting from an inadvertent error made in good faith.

90.     Bartech and its senior management had no reasonable basis to believe that Collier and Connecticut Class Members were not entitled to the appropriate overtime wages for hours worked in excess of 40 hours per workweek.

91.     Bartech failed to compensate Collier and the Connecticut Class Members the appropriate overtime wages for hours worked in excess of 40 per workweek.

92.     Bartech knew, or should have known, that its straight time for overtime policy would deny Collier and the Connecticut Class Members the overtime pay required by Connecticut law.

93.     Bartech violated the CWHL by failing to pay overtime wages at the proper premium rates to Collier and the Connecticut Class Members.

94.     Bartech's violations of the CWHL were willful.

95.     As set forth above, Collier and the Connecticut Class Members have sustained losses and lost compensation as a proximate result of Bartech's violations.

96.     Accordingly, Collier and the Connecticut Class Members are entitled to recover their unpaid overtime wages, penalty damages, and interest, as well as their attorney's fees and costs. *See* CONN. GEN. STAT. §§ 31-68, 37-3a.

### SECOND CAUSE OF ACTION – FAILURE TO PAY OVERTIME UNDER THE MWHL (MASSACHUSETTS CLASS ONLY)

97.     Collier incorporates all other paragraphs by reference.

98.     Collier brings his claims under the MWHL as a class action on behalf of himself and the Massachusetts Class Members pursuant to FED. R. CIV. P 23.

99.     By failing to pay Collier and the Massachusetts Class Members overtime at rates not less than 1.5 times their regular rates of pay, Bartech violated the MWHL's overtime provisions.  M.G.L.A. 151, § 1, *et seq.*

100.   At all relevant times, Bartech was subject to the requirements of the MWHL.

101.   At all relevant times, Bartech employed Collier and each Massachusetts Class Member as an "employee" within the meaning of the MWHL.

102.   The MWHL requires employers, like Bartech, to pay employees overtime compensation at least 1.5 the employee's regular rate of pay for all hours worked over 40 in one workweek. *See* M.G.L.A. 151, § 1, *et seq.*

103.   Collier and the Massachusetts Class Members are entitled to overtime pay under the MWHL.

104.   Bartech's violation of the MWHL was not a first-time violation resulting from an inadvertent error made in good faith.

105.   Bartech and its senior management had no reasonable basis to believe that Collier and Massachusetts Class Members were not entitled to the appropriate overtime wages for hours worked in excess of 40 hours per workweek.

106.   Bartech failed to compensate Collier and the Massachusetts Class Members the appropriate overtime wages for hours worked in excess of 40 per workweek.

107.   Bartech knew, or should have known, that its straight time for overtime policy would deny Collier and the Massachusetts Class Members the overtime pay required by Massachusetts law.

108.   Bartech violated the MWHL by failing to pay overtime wages at the proper premium rates to Collier and the Massachusetts Class Members.

109.   Bartech's violations of the MWHL were willful.

110.   As set forth above, Collier and the Massachusetts Class Members have sustained losses and lost compensation as a proximate result of Bartech's violations.

111.    Accordingly, Collier and the Massachusetts Class Members are entitled to recover their unpaid overtime wages, liquidated damages, and interest, as well as their attorney's fees, costs, and expenses. *See* M.G.L.A. 151, § 1B.

### THIRD CAUSE OF ACTION – FAILURE TO PAY OVERTIME UNDER THE NJWHL (NEW JERSEY CLASS ONLY)

112.    Collier incorporates all other paragraphs by reference.

113.    Collier brings his claims under the NJWHL as a class action on behalf of himself and the New Jersey Class Members pursuant to FED. R. CIV. P 23.

114.    By failing to pay Collier and the New Jersey Class Members overtime at rates not less than 1.5 times their regular rates of pay, Bartech violated the NJWHL's overtime provisions.

115.    At all relevant times, Bartech was subject to the requirements of the NJWHL and the enabling Regulations noted here. *See* N.J.S.A. 34:11-56(a)(1)(g).

116.    At all relevant times, Bartech employed Collier and each New Jersey Class Member as an "employee" within the meaning of the NJWHL. *See* N.J.S.A. 34:11-56(a)(1)(h).

117.    The overtime wages sought by this claim are "wages" within the meaning of the NJWHL. *See* N.J.S.A. 34:11- 56(a)(1)(d).

118.    The NJWHL requires employers, like Bartech, to pay employees overtime compensation at least 1.5 the employee's regular rate of pay for all hours worked over 40 in one workweek.

119.   Collier and the New Jersey Class Members are entitled to overtime pay under the NJWHL.

120.   Bartech's violation of the NJWHL was not a first-time violation resulting from an inadvertent error made in good faith.

121.   Bartech and its senior management had no reasonable basis to believe that Collier and New Jersey Class Members were not entitled to the appropriate overtime wages for hours worked in excess of 40 hours per workweek.

122.   Bartech failed to compensate Collier and the New Jersey Class Members the appropriate overtime wages for hours worked in excess of 40 per workweek.

123.   Bartech knew, or should have known, that its straight time for overtime policy would deny Collier and the New Jersey Class Members the overtime pay required by New Jersey law.

124.   Bartech violated the NJWHL by failing to pay overtime wages at the proper premium rates to Collier and the New Jersey Class Members.

125.   Bartech's violations of the NJWHL were willful.

126.   As set forth above, Collier and the New Jersey Class Members have sustained losses and lost compensation as a proximate result of Bartech's violations.

127.   Accordingly, Collier and the New Jersey Class Members are entitled to recover their unpaid overtime compensation, interest, liquidated damages, and attorney's fees and costs.

## FOURTH CAUSE OF ACTION – FAILURE TO PAY OVERTIME UNDER THE NYLL (NEW YORK CLASS ONLY)

128.   Collier incorporates all other paragraphs by reference.

129.   Collier brings his claims under the NYLL as a class action on behalf of himself and the New York Class Members pursuant to FED. R. CIV. P 23.

130.   By failing to pay Collier and the New York Class Members overtime at rates not less than 1.5 times their regular rates of pay, Bartech violated the NYLL's overtime provisions.  *See* NYLL Articles 6 & 9; 12 NYCRR Part 142.

131.   At all relevant times, Bartech was subject to the requirements of the NYLL and the implementing regulations.

132.   At all relevant times, Bartech employed Collier and each New York Class Member as an "employee" within the meaning of the NYLL.

133.   The NYLL requires employers, like Bartech, to pay employees overtime compensation at least 1.5 the employee's regular rate of pay for all hours worked over 40 in one workweek.

134.   Collier and the New York Class Members are entitled to overtime pay under the NYLL.

135.   Bartech's violation of the NYLL was not a first-time violation resulting from an inadvertent error made in good faith.

136. Bartech and its senior management had no reasonable basis to believe that Collier and New York Class Members were not entitled to the appropriate overtime wages for hours worked in excess of 40 hours per workweek.

137. Bartech failed to compensate Collier and the New York Class Members the appropriate overtime wages for hours worked in excess of 40 per workweek.

138. Bartech knew, or should have known, that its straight time for overtime policy would deny Collier and the New York Class Members the overtime pay required by New York law.

139. Bartech violated the NYLL by failing to pay overtime wages at the proper premium rates to Collier and the New York Class Members.

140. Bartech's violations of the NYLL were willful within the meaning of NYLL § 198.

141. As set forth above, Collier and the New York Class Members have sustained losses and lost compensation as a proximate result of Bartech's violations.

142. Accordingly, Collier and the New York Class Members are entitled to recover their unpaid overtime compensation, interest, liquidated damages, and attorney's fees and costs.

## JURY DEMAND

143. Collier demands a trial by jury.

**RELIEF SOUGHT**

WHEREFORE, Collier, individually and on behalf of the Putative Class Members, seeks the following relief:

    a.  An Order designating the Connecticut Class as a class action pursuant to FED. R. CIV. P. 23;

    b.  An Order designating the Massachusetts Class as a class action pursuant to FED. R. CIV. P. 23;

    c.  An Order designating the New Jersey Class as a class action pursuant to FED. R. CIV. P. 23;

    d.  An Order designating the New York Class as a class action pursuant to FED. R. CIV. P. 23;

    e.  An Order appointing Collier and his counsel to represent the interests of the Connecticut, Massachusetts, New Jersey, and New York Classes;

    f.  An Order finding Bartech liable to Collier and the Connecticut Class for unpaid overtime owed under the CWHL, penalty damages, as well as interest at the highest available rates allowed by law;

    g.  An Order finding Bartech liable to Collier and the Massachusetts Class for unpaid overtime owed under the MWHL, liquidated damages, as well as interest at the highest available rates allowed by law;

- 21 -

h. An Order finding Bartech liable to Collier and the New Jersey Class for unpaid overtime owed under the NJWHL, liquidated damages, as well as interest at the highest available rates allowed by law;

i. An Order finding Bartech liable to Collier and the New York Class for unpaid overtime owed under the NYLL, liquidated damages, as well as interest at the highest available rates allowed by law;

j. A Judgment against Bartech awarding Collier and the Putative Members all their unpaid overtime compensation, liquidated damages, as well as interest at the highest available rates allowed by law;

k. An Order awarding attorney's fees, costs, and expenses;

l. Pre- and post-judgment interest at the highest applicable rates; and

m. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Jennifer L. McManus*
**Jennifer L. McManus (P65976)**
**FAGAN MCMANUS, PC**
25892 Woodward Avenue
Royal Oak, MI 48067-0910
248-542-6300 – Telephone
jmcmanus@faganlawpc.com

**AND**

**Michael A. Josephson**
TX Bar No. 24014780
**Andrew W. Dunlap**
TX Bar No. 24078444

**Olivia R. Beale**
TX Bar No. 24122166
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
TX Bar No. 24001807
(*pending pro hac vice admission*)
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

Dated:  March 1, 2023

**ATTORNEYS IN CHARGE FOR PLAINTIFF**